**UNITED STATES of America, Plaintiff-Appellee,**

**v.**

**John MACHIBRODA, Defendant-Appellant.**

**No. 15636.**

United States Court of Appeals
Sixth Circuit.

Nov. 20, 1964.

[redacted]

948

Thomas C. Foster, Cincinnati, Ohio, for appellant.

John G. Mattimoe, Asst. U. S. Atty., Toledo, Ohio, and Merle M. McCurdy, U. S. Atty., Toledo, Ohio, on the brief, for appellee.

Before MILLER, O'SULLIVAN and EDWARDS, Circuit Judges.

PER CURIAM.

Prince v. United States, 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370 (1957) is directly in point and determines decision in the above-styled appeal. In Prince, the United States Supreme Court held that the first of two counts of the federal bank robbery statute (Title 18, U.S.C. § 2113(a) [1]—entering a bank with intent to steal) was included in and was merged into the second (Title 18, U.S.C. § 2113 (d) [2]—robbing a bank by force), and hence could not be the subject of a separate sentence.

The court said:

"The gravamen of the offense is not in the act of entering, which satisfies the terms of the statute even if it is simply walking through an open, public door during normal business hours. Rather the heart of the crime is the intent to steal. This mental element merges into the completed crime if the robbery is consummated." Prince v. United States, supra at 328, 77 S.Ct. at 407. (Footnote omitted.)

Defendant in this appeal pled guilty to each of two counts under this same statute in each of two bank robberies. The two sentences for the robbery counts were made to run consecutively and total forty years.

The sentences for the entering with intent to steal counts were likewise made consecutive to each other, but were made to run concurrently with the robbery sentences. The sentences for entering with intent to steal total thirty-five years.[3] It

---

1. "(a) * * * Whoever enters or attempts to enter any bank, or any savings and loan association, or any building used in whole or in part as a bank, or as a savings and loan association, with intent to commit in such bank, or in such savings and loan association, or building, or part thereof, so used, any felony affecting such bank or such savings and loan association and in violation of any statute of the United States, or any larceny—

"Shall be fined not more than $5,000 or imprisoned not more than twenty years, or both." Title 18 U.S.C. § 2113 (a).

2. "(d) Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined not more than $10,000 or imprisoned not more than twenty-five years, or both." Title 18 U.S.C. § 2113(d).

3. Appellee was sentenced in the District Court in Case No. 10345 to "twenty-five years on Count II of the Information and twenty years on Count I of the Information, to be served concurrently with the sentence imposed on Count II of the Information."

In Case No. 10348 appellee was sentenced in the District Court to "fifteen years on each of Counts I and II of the Information, to be served concurrently with each other but to be served consecutively with the sentence imposed in Case No. 10345 Criminal. (Total sentence 40 years)."

should be noted that these sentences were administered before the United States Supreme Court decision in Prince v United States, supra.

On May 6, 1963, defendant *pro se* filed motions under Rule 35 in both cases attacking the sentences pertaining to entering with intent to steal. The District Judge denied these motions, holding that the total sentences applied to defendant "were within the maximum permissible on each information. Accordingly the defendant is not prejudiced in any way."

On appeal appellee, United States of America, offers little to dispute the illegality of the two sentences under attack,[4] but contends that the appeal is frivolous in that the robbery sentences exceed the sentences administered for entering with intent to steal.

Appellant cannot dispute this latter contention but does contend that the multiple sentences may prejudice his application for parole—when, as, and if he becomes eligible for same.

The sentences attacked herein are for offenses which merged completely into the robbery counts when the robberies were completed. The sentences for robbery are the longer ones, but we cannot dismiss this appeal as frivolous, since this court has previously held: "[I]t is well understood that a multiplicity of sentences impairs a prisoner's opportunities for pardon or parole." Hibdon v. United States, 204 F.2d 834, 839, 37 A.L.R.2d 1130 (C.A.6, 1953). See also Audett v. United States, 265 F.2d 837, 848 (C.A.9, 1959), cert. denied, 361 U.S. 815, 80 S.Ct. 54, 4 L.Ed.2d 62 (1959), rehearing denied, 361 U.S. 926, 80 S.Ct. 290, 4 L.Ed.2d 241 (1960); United States v. Leather, 271 F.2d 80 (C.A.7, 1959), cert. denied, 363 U.S. 831, 80 S.Ct. 1602, 4 L.Ed.2d 1525 (1960).

Procedurally, as we have noted, these motions were filed under Rule 35 of the Federal Rules of Criminal Procedure which provides: "The court may correct an illegal sentence at any time." Heflin v. United States, 358 U.S. 415, 79 S.Ct. 451, 3 L.Ed.2d 407 (1959); Duggins v. United States, 240 F.2d 479 (C.A.6, 1957). The record before us is sufficient to establish that these sentences are illegal. Cf. Johnson v. United States of America, 334 F.2d 880 (C.A.6, 1964).

Reversed and remanded for vacating the two sentences pertaining to the entering with intent counts.

---

4. Obviously, Green v. United States, 365 U.S. 301, 81 S.Ct. 653, 5 L.Ed.2d 670 (1961), is not in point, since there the defendant attacked and the court upheld the longer sentence for robbery into which the lesser offense of entering with intent to steal merged.