**John R. BAYLESS, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 19800.**

United States Court of Appeals
Ninth Circuit.

June 21, 1965.

John R. Bayless, in pro. per.

Manuel L. Real, U. S. Atty., John K. Van De Kamp, Asst. U. S. Atty., Chief, Crim. Sec., Jules D. Barnett, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before BARNES, DUNIWAY and ELY, Circuit Judges.

BARNES, Circuit Judge.

We have before us an appeal from an "order denying petition for modification and correction of an illegal sentence." Appellant contends he is entitled to relief pursuant to Rule 35 of the Federal Rules of Criminal Procedure for a sentence imposed on the second count of a three-count indictment for bank robbery (18 U.S.C. §§ 2113(a), (d)) and for transportation of stolen monies in interstate commerce (18 U.S.C. § 2314). A jury had found appellant guilty of all three counts at a trial conducted in 1952. Appellant's present attack challenges the validity of separate sentences under Counts I and II of the indictment, and seeks to have vacated the sentence imposed on Count II, the longer of the two concurrent sentences.

Counts I and II of the indictment both involved violations of the Federal Bank Robbery Act. 18 U.S.C. § 2113. Appellant was sentenced to twenty years under subsection (a),[1] and was also sentenced to twenty-five years under subsection (d)[2] for having placed the life of another in jeopardy by the use of a dangerous weapon during the course of his offense. Appellant received an additional sentence of ten years under Count III for transporting the stolen monies in interstate commerce. The first two sentences were to be served concurrently, but the third

---

[1]. Subsection (a) of Title 18, § 2113, reads as follows:

"(a) Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, or any savings and loan association; or

Whoever enters or attempts to enter any bank, or any savings and loan association, or any building used in whole or in part as a bank, or as a savings and loan association, with intent to commit in such bank, or in such savings and loan association, or building, or part thereof, so used, any felony affecting such bank or such savings and loan association and in violation of any statute of the United States, or any larceny—

Shall be fined not more than $5,000 or imprisoned not more than twenty years, or both."

[2]. Subsection (d) of Title 18, § 2113, reads as follows:

"(d) Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined not more than $10,000 or imprisoned not more than twenty-five years, or both."

sentence was not to commence until the concurrent sentences had been satisfied.

In his present appeal, appellant claims that Counts I and II encompass but a single crime, and that it was therefore improper to impose separate sentences for this one offense. Consequently, appellant requests that the twenty-five year sentence under Count II be vacated, reducing his maximum obligation from thirty-five years to thirty years (twenty years on Count I and ten years on Count III).

■■ We agree with appellant that separate sentences should not have been imposed under Counts I and II. Since the United States Supreme Court opinion in Prince v. United States, 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370 (1957), it has become well established that, for sentencing purposes, an offense under subsection (a) becomes merged with the more aggravated offense under subsection (d). United States v. Trumblay, 286 F. 2d 918 (7th Cir.), cert. denied 365 U.S. 888, 81 S.Ct. 1041, 6 L.Ed.2d 198, 368 U.S. 852, 82 S.Ct. 86, 7 L.Ed.2d 49 (1961). Despite this technical error, however, we cannot grant appellant's prayer for relief. The sentences imposed under § 2113 were to be served concurrently, and the maximum sentence for one count in violation of subsection (d), namely, twenty-five years, was not exceeded. Campbell v. United States, 269 F.2d 688, 692 (1st Cir. 1959), vacated on other grounds 365 U.S. 85, 81 S.Ct. 421, 5 L.Ed.2d 428 (1961). Appellant was thus not harmed by the imposition of a lesser concurrent sentence. Had only one sentence been imposed, we can assume that *that too would have been for a period of twenty-five years,* for the trial judge has clearly reflected his intent to impose the maximum sentence prescribed by subsection (d); appellant is thus bound to comply with this maximum legal period.

The recent sixth circuit case of United States v. Machibroda, 338 F.2d 947 (1964), agreed that the imposition of two sentences for violations of subsections (a) and (d) was improper. In that case, however, a vacating of the sentences was ordered because the appellant was held to be prejudiced in future probation applications by the presence of multiple sentences. We have previously announced the rule that multiplicity of sentences may impair a prisoner's opportunities for pardon or parole. Audett v. United States, 265 F.2d 837, 848, cert. denied 361 U.S. 815, 80 S.Ct. 54, 4 L.Ed. 2d 62 (1959), rehearing denied 361 U.S. 926, 80 S.Ct. 290, 4 L.Ed.2d 241 (1960). But such an issue is not before us.

To prevent its becoming an issue before us *in futuro,* we make the following orders:

(1) The motion of appellee to dismiss the appeal is denied.

(2) The motion of appellant to proceed in forma pauperis is granted.

(3) The motion of appellant to proceed on appeal on the original record and typewritten briefs is granted.

(4) The order of the district court denying the motion to vacate appellant's sentence of twenty-five years under Count II of the indictment is affirmed.

(5) The Court, on its own motion, reverses the judgment of the district court sentencing appellant to twenty years under Count I of the indictment, and remands the matter to the district court for the vacating of such judgment and sentence.

The twenty-five year sentence pertaining to Count II and the consecutive ten year sentence pertaining to Count III will remain undisturbed, as will appellant's present custody.