**UNITED STATES of America**

v.

**Henry McKENZIE, William Anthony. William Anthony, Appellant.**

**No. 17484.**

United States Court of Appeals
Third Circuit.

Argued June 6, 1969.

Decided Aug. 12, 1969.

Coleman T. Brennan, Princeton, N. J., for appellant.

Wilbur H. Mathesius, Asst. U. S. Atty., David M. Satz, Jr., U. S. Atty., Newark, N. J., for appellee.

Before KALODNER, FREEDMAN and SEITZ, Circuit Judges.

## OPINION OF THE COURT

SEITZ, Circuit Judge.

This is an appeal from the judgment of conviction after trial by jury in the district court of William Anthony (appellant) for violation of the Federal Bank Robbery Act, 18 U.S.C.A. § 2113(a), (b), and (d). On August 15, 1967, two individuals entered the federally insured Western Branch of the Broad Street National Bank, Trenton, New Jersey, and with pistols drawn menaced several bank employees, took $35,628 in cash, and fled. Appellant and one Henry McKenzie were arrested for the robbery, and appellant was tried separately.

Appellant first contends that the trial court committed reversible error in denying his motion to strike the Government testimony as to his financial condition subsequent to the robbery date. The rule in this circuit regarding the admissibility of such evidence (which is also the generally accepted view) is:

> " '* * * the sudden unexplained acquisition of wealth by an impecunious person at or about the time of a theft which he had an opportunity to commit, is competent evidence of guilt and will support * * * conviction.' " United States v. Howell, 240 F.2d 149, 158 (3rd Cir. 1956), quoting Hansbrough v. United States, 156 F.2d 327, 329 (8th Cir. 1946).

See United States v. Jackson, 403 F.2d 647, 649 (3rd Cir. 1968); see also Neal v. United States, 102 F.2d 643, 648 (8th Cir. 1939).

Appellant argues that the Government failed to present the requisite foundation proof. The sole testimony on the point was given by Roosevelt Reeves, identified as the boyfriend of appellant's aunt. He testified that appellant asked him and he agreed shortly after the robbery to sign the papers for a new car which appellant paid for with $3,504.40 in cash. He also testified on direct examination that appellant had not worked for a period of two years prior to the date of the robbery. Appellant maintains that such testimony was recanted on cross-examination. We have reviewed the pertinent testimony and do not find such a recantation. Moreover, we think that the jury was entitled to make its own evaluation of his entire testimony and was free to consider whether he contradicted himself. The evidence in question as to appellant's financial condition was therefore properly submitted under the above stated rule in the Howell case.

Appellant also argues that the evidence was inadmissible because the Government failed to prove any direct connection between the money in defendant's possession and that which was involved in the crime. Such a connection is required by Williams v. United States, 168 U.S. 382, 18 S.Ct. 92, 42 L.Ed.2d 509 (1897). We think, however, that in meeting the requirement of the Howell case, the Government proved the necessary direct connection. Moreover, Reeves' uncontradicted testimony that he signed the ownership papers for the car while appellant actually paid for it and used it is additional incriminatory, albeit circumstantial, evidence tending to show a desire on appellant's part to conceal the fact that he had a large sum of money shortly after the robbery.

We conclude that the district court properly admitted the evidence of appellant's financial condition.

Appellant's second contention is that the trial court committed reversible

error in not striking the testimony of the Government's witnesses, Elijah Swinney and Andrew Williams. Swinney's testimony was to the effect that he had sold a certain automobile to appellant shortly before the robbery. Williams testified that he had seen that car in the vicinity of the bank on the date of the robbery. Appellant argues that Williams' testimony was mere speculation and as such not admissible. If appellant is right as to Williams' testimony, then Swinney's testimony would, of course, lack probative force. Our review of the pertinent testimony reveals, however, that Williams did testify that his best recollection was that he saw the car on the date of the robbery in the vicinity thereof and such preciseness is all that is needed to render the testimony admissible. It was for the jury to decide what weight to give the testimony.

Appellant next contends that the trial court committed reversible error in permitting the Government during summation to make a statement of fact not based on the evidence. In its summation, the Government referred to the fact that it proved circumstantially that the car sold to appellant was used in the robbery. Since we have already held that the evidence as to appellant's purchase of a certain car prior to the robbery and its being seen in the vicinity of the bank at the time of the robbery was admissible, the fact asserted in the Government summation was a legitimate inference therefrom and thus a permissible basis for comment by the Government.

■ Appellant's fourth assertion is that the district court committed reversible error in ruling that appellant waived assistance of counsel for the lineup. The district court made an inquiry outside the presence of the jury to determine whether appellant knowingly and intelligently waived assistance of counsel for the lineup by his signing a written statement to that effect, and then concluded that he did. We think on the record before us that it was not error for the district court to so find.

Appellant's next contention is that the district court abused its discretion in not granting his request for a preliminary inquiry with respect to the circumstances of the Government's identification procedures. He does not challenge the sufficiency of the in-court identifications. However, by a preliminary inquiry, appellant hoped to demonstrate the prejudicial suggestive influence of showing photographs of possible suspects to the witnesses who might be called upon at trial to identify appellant. He acknowledges that the recognized method for ascertaining impropriety in those procedures is by cross-examination of the identifying witness. Simmons v. United States, 390 U.S. 377, 384, 88 S. Ct. 967, 19 L.Ed.2d 1247 (1968). He urges, however:

"A preliminary inquiry by the court, such as was requested here, is a procedure ideally suited to produce a full disclosure of all the circumstances surrounding the identification, and serves to eliminate possible unfairness to the accused resulting from premature introduction into evidence of identification testimony tainted by improper suggested influences."

■ We are not prepared here to adopt the inflexible rule urged by appellant, for we think that the choice between preliminary inquiry and cross-examination as the method to permit challenging the identification procedures should be determined by the district court under the circumstances of the individual case. In any event, it is clear that in view of the circumstances surrounding the identification in our case the district court did not abuse its discretion in denying appellant's request for a preliminary inquiry.

Appellant's final contention relates to his sentence. He was convicted and sentenced on a three-count indictment. On count three he received a 20 year term, on count two a concurrent term of seven years, and on count one a concurrent term of ten years. He says that the district court erred in sentencing him to separate terms on each count of the in-

dictment, citing Prince v. United States, 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370 (1957), and asks for resentencing. The Prince case is not controlling because it held only that separate consecutive sentences could not be given under sections (a), (b), and (d) of the Federal Bank Robbery Act. The Government suggests that the question of the validity of the lesser concurrent sentences is immaterial when as here there exists a longer, valid concurrent sentence. This argument amounts to a request for the application of the so-called concurrent sentence doctrine, the validity of which was put in doubt by the recent Supreme Court opinion in Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (June 23, 1969). While the Court in Benton did not resolve the question of whether prejudice beyond that inherent in being convicted of two offenses and serving two sentences therefor, albeit concurrently, must be shown to obtain relief, sufficient prejudice was found in the possibility that the defendant might someday be subject to an habitual criminal statute and have both convictions counted against him. We reject the Government's contention here because we also find that there is sufficient prejudice here to justify vacating the lesser concurrent sentences if it was error to sentence appellant on counts one and two. As was said in Hibdon v. United States, 204 F.2d 834, 839, 37 A.L.R.2d 1130 (6th Cir. 1953): "it is well understood that a multiplicity of sentences impairs a prisoner's opportunities for pardon or parole."

 We think it was error to sentence appellant on counts one and two, because, for sentencing purposes, offenses under sections (a) and (b) of the Federal Bank Robbery Act become merged with the more aggravated offense under section (d). See Prince v. United States, supra; United States v. Green, 365 U.S. 301, 81 S.Ct. 653, 5 L.Ed.2d 670 (1961); United States v. Leather, 271 F.2d 80 (7th Cir. 1959). While these cases deal only with the merger of the offenses under (a) into that under (d), we have no doubt that the offense under (b), larcency, also mergers into (d), armed robbery.

Our conclusion that the imposition of the lesser concurrent sentences is not harmless error and must be vacated finds support in several other circuits. Holland v. United States, 384 F.2d 370 (5th Cir. 1967); United States v. Marchibroda, 338 F.2d 947 (6th Cir. 1964); Jones v. United States, 396 F.2d 66 (8th Cir. 1968). While some other circuits have refused to vacate such sentences, they have all recognized that it constituted technical error but rested their decision on the concurrent sentence doctrine. See, e. g., Green v. United States, 274 F.2d 59 (1st Cir. 1960), aff'd 365 U.S. 301, 81 S.Ct. 653, 5 L.Ed.2d 670 (1961); Bayless v. United States, 347 F.2d 354, 356 (9th Cir. 1965).

The sentences under counts one and two will be vacated, and the judgment of the district court will otherwise be affirmed.