STATE of Missouri, Respondent,

v.

Arthur Lee TAYLOR, Appellant.

No. 54754.

Supreme Court of Missouri,
Division No. 1.

July 13, 1970.

John C. Danforth, Atty. Gen., Dale L. Rollings, Peter H. Ruger, Asst. Attys. Gen., Jefferson City, for respondent.

John J. Cosgrove, Ronald M. Sokol, The Legal Aid and Defender Society of Greater Kansas City, Kansas City, for appellant.

Willard B. Bunch, Chief Defender, of counsel.

HIGGINS, Commissioner.

Arthur Lee Taylor, charged by information with robbery, first degree, by means of a dangerous and deadly weapon, was convicted by a jury of that offense and the jury assessed his punishment at five years' imprisonment. Sentence and judgment were rendered accordingly. Section 560.135, V.A.M.S.

Appellant tacitly concedes sufficiency of evidence and a brief statement demonstrates that the state made its case of robbery, first degree.

On November 24, 1968, at approximately 6:45 a. m., James Robert Frizzell was driving a Kansas City Transit Company bus and stopped at 27th and Tracy, Kansas City, Jackson County, Missouri, to permit two Negro males to board his bus. The first man boarded the bus, pulled a pistol from under his jacket, stated to Mr. Frizzell that his purpose was a holdup and demanded money. Pursuant to such armed threat, Mr. Frizzell gave the robber money in excess of $40, after which both boys fled on foot. Mr. Frizzell was face to face with his assailant for "a couple or three minutes." After the robbery he drove a few blocks and called the police. He identified the defendant at trial as his assailant. Eugene T. White, a passenger on the bus, corroborated Mr. Frizzell's account of the robbery but he did not look at the robber for fear he might be shot. The defense was alibi.

Appellant's first point [1] is that "exhibiting (him) in the lineup without counsel violated rights guaranteed him by the Fifth and Fourteenth Amendments of the Constitution of the United States."

■ The difficulty with this contention is that appellant waived his constitutional right to counsel at his lineup by executing a written waiver: "I, Arthur L. Taylor, having been detained and suspected, do hereby freely waive my rights to have a/my lawyer present and request that I be shown in a line-up, or otherwise, to such person or persons who can identify the individual who committed the crime in question." [2] State v. Balle, Mo., 442 S.W. 2d 35, 39[4]; United States v. McKenzie, 3 Cir., 414 F.2d 808, 810[3]. Appellant argues that the waiver should not be regarded as binding on him simply because he was only 17 years old, but see State v. Sinderson, Mo., 455 S.W.2d 486, June 8, 1970, where a waiver was held binding on a 14-year-old boy with respect to his right to counsel during interrogation.

■■ This point also suggests that the lineup procedure was tainted, but the record shows ample basis for in-court identification having a source independent of the lineup. Mr. Frizzell was looking directly at his assailant during the robbery. He gave a reasonable description of his

1. Citing, among other authorities, United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149, and Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178.

2. The only objection to the court's consideration of this document as a waiver was "to the use of particularly this poor a copy of what purports to be a waiver."

assailant, and he was able to select appellant's picture from a collection of approximately two hundred photographs of young Negro males. He was permitted to view the photographs without suggestion from the police officers who furnished them. State v. Balle, supra, 442 S.W.2d l. c. 39[1–3]. Discrepancies, if any, which cross-examination may have developed were for the jury to resolve. State v. DeLuca, Mo., 448 S.W.2d 869, 871.

■ Appellant filed a pretrial motion to suppress lineup identification, asserting that it was tainted by suggestion but without alleging what circumstances comprised the asserted taint. The court took the motion with the case and overruled it at the close of the state's evidence. It already has been shown that the lineup was not tainted by absence of counsel and it also has been demonstrated that the in-court identification had an untainted source independent of the lineup. Consequently, this point is reduced to a contention that appellant's motion should have been accorded a hearing outside the presence of the jury. Appellant suggests that United States v. Wade, supra, and Gilbert v. California, supra, support his view, but those cases do not so hold. This same contention under similar circumstances was rejected in United States v. McKenzie, supra, which held that whether a challenge to pretrial identification procedures should be by preliminary inquiry or cross-examination is for the trial court under the circumstances of each case and that the court's determination will not be disturbed except for an abuse of discretion. The demonstrated absence of tainted circumstance precludes a finding of abuse with respect to identification of Arthur Lee Taylor. See also United States v. Zeiler, D.C.W.D.Pa., 296 F.Supp. 224, 229[3]; United States v. Johnson, 1 Cir., 412 F.2d 753, 755[3].

■ Appellant also charges prejudice and denial of fair trial by asserting he was exhibited before the jury in shackles without reason being shown on the record.

There was no evidence offered in support of this assertion and it does not prove itself. Accordingly, it is not for review. State v. Sallee, Mo., 436 S.W.2d 246, 254 [20, 21].

Judgment affirmed.

HOUSER and WELBORN, CC., concur.

PER CURIAM.

The foregoing opinion by HIGGINS, C., is adopted as the opinion of the court.

All of the Judges concur.