**Raymond W. J. CLERMONT, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 25480.**

United States Court of Appeals, Ninth Circuit.

Oct. 22, 1970.

Rehearing Denied Dec. 28, 1970.

Raymond William Joseph Clermont, pro. per.

Stan Pitkin, U. S. Atty., Charles Pinnell, Asst. U. S. Atty., Seattle, Wash., for appellee.

Before HAMLEY, MERRILL and KOELSCH, Circuit Judges.

HAMLEY, Circuit Judge:

A federal grand jury indicted Raymond W. J. Clermont on a conspiracy charge and six substantive charges in connection with the robbery of a national bank in Seattle, Washington, on November 19, 1956. The described offenses fall under 18 U.S.C. §§ 2113(a), (b), (c) and (d), and 371. Clermont pleaded guilty on all seven counts and a judgment of conviction, and sentence, was entered on April 26, 1957. Twelve years later, on June 2, 1969, Clermont filed this motion, under 28 U.S.C. § 2255, to have his convictions and sentences on counts 2, 3, 5 and 6 vacated. The motion was denied without hearing and this appeal followed.

Clermont first argues that the convictions on counts 2, 3, 5 and 6 are invalid because the charges contained in these substantive counts were included in the language used in count 1, the conspiracy count.

■ The conspiracy alleged in count 1 embraced the activities described in the substantive counts. It was therefore necessary to describe, in count 1, the activities alleged in each of the substantive counts. This did not operate to merge the substantive counts in the conspiracy count. No duplication is involved in convicting him on both the conspiracy count and the substantive count, since the conspiracy count injects the additional factor of connivance with other persons. See 18 U.S.C. § 371; Hill v. United States, 306 F.2d 245, 247 (9th Cir. 1962).

■ Clermont contends that the bank robbery statute, 18 U.S.C. § 2113, proscribes but one offense, with varying degrees of aggravation, for which a single penalty may be imposed. Accordingly, he asserts, the trial court erred in imposing concurrent sentences on five of the six substantive counts—counts 3, 4, 5, 6 and 7—all to run consecutively to a five-year sentence imposed on the conspiracy count. (No sentence was imposed on count 2.)

The bank robbery statute creates and defines several crimes pertaining to thefts from banks organized or insured under federal law. The most aggravated offense therein described is robbery by force and violence, or by intimidation, in connection with which the offender assaults, or puts in jeopardy the life of any person. Title 18 U.S.C. § 2113(a) and (d). The maximum penalty for such an offense is a $10,000 fine and a twenty-five year sentence.

The sentences imposed upon Clermont on the substantive counts are as follows:

*Count 3*—Taking $42,879 from bank by force and violence, and by intimidation (section 2113(a)) ...............20 years

*Count 4*—Taking $42,879 from bank with intent to steal (section 2113(b)) .....................................10 years

*Count 5*—Taking $42,879 from bank as alleged in counts 2, 3 and 4, in the course of which defendant assaulted *Ellis K. Hamer* and put his life in jeopardy by the use of a dangerous weapon (section 2113(a), (b) and (d)) ...........25 years

*Count 6*—Taking $42,879 from bank as alleged in counts 2, 3 and 4, in the course of which defendant assaulted *Irene Oehler* and put her life in jeopardy by the use of a dangerous weapon (section 2113(a), (b) and (d)) ...................25 years

*Count 7*—Possession and concealment of $14,500 taken from the bank (section 2113(b) and (c)) ..................10 years

Counts 5 and 6 thus deal with the most aggravated offense described in section 2113, and on each the trial court imposed a twenty-five year concurrent sentence. The convictions on these sentences did not merge, however, because one describes an assault upon Ellis K. Hamer and the other an assault upon Irene Oehler. The trial court did not err in imposing both of these twenty-five year concurrent sentences.

The convictions for the offenses described in counts 3, 4, and 7, however, are merged in the convictions on counts 5 and 6, and separate sentences should not have been imposed. For sentencing purposes, offenses under paragraphs (a) and (b) of section 2113 become merged with the most aggravated offense under section (d). United States v. McKenzie, 414 F.2d 808 (3rd Cir. 1969). We think the same rule applies to paragraph (c).

Our case is a stronger one for application of this rule than was *McKenzie*, because Clermont pleaded guilty to all counts. *See also,* Prince v. United States, 352 U.S. 322, 77 S.Ct. 403, 1 L. Ed.2d 370 (1957); Keating v. United States, 413 F.2d 1028 (9th Cir. 1969); Bayless v. United States, 347 F.2d 354 (9th Cir. 1965); Bryant v. United States, 135 U.S.App.D.C. 138, 417 F.2d 555 (1969).

The sentences improperly imposed under counts 3, 4 and 7 are concurrent with those properly imposed under counts 5 and 6. Nevertheless, in view of the possibility that the imposition of the sentences under counts 3, 4, and 7 could impair the opportunity for pardon or parole, we believe the sentences imposed under those counts should be vacated. *See* Bayless v. United States, *supra*; United States v. McKenzie, *supra*. This corrective action renders it unnecessary to consider Clermont's remaining arguments.

The judgment is affirmed but the cause is remanded so that the sentences imposed under counts 3, 4, and 7 may be set aside.