STATE of Missouri, Plaintiff-Respondent,

v.

Larry Arlington WILLIAMS,
Defendant-Appellant.

No. 35798.

Missouri Court of Appeals,
St. Louis District,
Division Four.

July 29, 1975.

Charles D. Kitchin, Public Defender, James E. Wynne, James C. Jones, Asst. Public Defenders, St. Louis, for defendant-appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, Brendan Ryan, Circuit Atty., J. Paul Allred, Jr., Asst. Circuit Atty., St. Louis, for plaintiff-respondent.

SMITH, Chief Judge.

Defendant was found guilty by a jury of three counts of armed robbery and punishment was set at five years on each count, to run concurrently. He appeals.

Defendant does not attack the sufficiency of the evidence so a brief statement of the facts will suffice. Larry Williams was a participant in a crap game with the victims. He had been playing for between 45 minutes to an hour, when he pulled a gun, ordered the victims to lie on the floor and, with another participant, robbed them. During the course of the robbery, he struck one of the victims with the gun. Williams was arrested in less than an hour after the robbery. In the vehicle he was driving when arrested, were found a gun resembling that used in the robbery, and clothing of the victims taken during the robbery. Certain of defendant's clothing was rather distinctive, and the clothing in which he was arrested resembled that described by the victims. Defendant raises two points: (1) "The Court erred in overruling defendant's motion to suppress the identification testimony without holding a preliminary hearing outside the presence of the jury"

and (2) "The trial court erred in overruling defendant's motion to suppress the State's identification testimony because it was based on an unnecessarily suggestive line-up."

While it has been suggested that a preliminary hearing on identification testimony suppression is preferable, it is not error to have such hearings during the trial and in taking the motion with the case. State v. Taylor, 456 S.W.2d 9 (Mo.1970). Here the motion to suppress was filed on the day of trial although it had been prepared some months beforehand and no prior notice that it would be filed was accorded the court or circuit attorney. The court concluded the filing was not timely under a local court rule. Additionally, the motion was general and conclusory in terms, containing no factual allegations to support it. The record shows the trial court considered and heard evidence on the matters of identification throughout the trial, and conducted a brief hearing out of the presence of the jury during the trial. Under the circumstances we can find neither error nor prejudice in the court's actions. See State v. Jordan, 506 S.W.2d 74 (Mo.App.1974).

Defendant's second point is limited to the court's failure to suppress all evidence of identification because the identifications were based upon a suggestive lineup. This allegation of error does not attack the admission of the lineup identifications themselves into evidence. At no time in the pretrial motion, the trial, or the post-trial motion was an objection to the admission of the lineup identification made. *United States v. Wade,* 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967); *Gilbert v. California,* 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967), and *Stovall v. Denno,* 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967) have been with us long enough to expect counsel to specifically challenge the identification he seeks to suppress or object to. We find it unnecessary and improper for us to consider each possible objection which could have been made to the identification;

we will deal instead only with that actually made. The objection raised here is solely one of irreparable mistaken identity under *Stovall.*

The lineup was conducted within an hour of the robbery. Defendant had been in the presence of the witnesses for at least an hour under both relaxed and stress conditions. One witness, who made a positive identification at trial, did not view a lineup. There was an adequate independent basis for the identifications at trial other than the allegedly suggestive lineup.

Judgment affirmed.

ALDEN A. STOCKARD and NORWIN D. HOUSER, Special Judges, concur.