**Steven J. HOGAN, Appellant,**

v.

**The STATE OF NEBRASKA and Vernon Newbold, Sheriff of Buffalo County, Nebraska, Appellees.**

**No. 75–1902.**

United States Court of Appeals, Eighth Circuit.

Submitted March 10, 1976.

Decided May 13, 1976.

---

Kirk E. Naylor, Jr., Lincoln, Neb., on brief, for appellant.

Steven C. Smith, Asst. Atty. Gen., Lincoln, Neb., for appellees; Paul L. Douglas, Atty. Gen., Jerold V. Fennell, Asst. Atty. Gen., and Gary L. Hogg, Buffalo County Atty., Kearney, Neb., on brief.

Before BRIGHT and HENLEY, Circuit Judges, and TALBOT SMITH,* Senior District Judge.

TALBOT SMITH, Senior District Judge.

The appellant-petitioner (hereafter defendant) was convicted in the District Court of Buffalo County, Nebraska of the felony

offense of possession of cocaine and the misdemeanor offense of the possession of marijuana.[1] He was sentenced to the county jail for a total of 95 days. His conviction was affirmed by the Supreme Court of Nebraska.[2] He then filed petition in the United States District Court for the District of Nebraska,[3] seeking habeas corpus relief pursuant to 28 U.S.C. § 2241 *et seq.,* alleging violation of his constitutional rights by the introduction in the state court of certain evidence. Judge Van Pelt, in an exhaustive memorandum opinion, denied the petition. We affirm.

The necessary background facts are not in dispute and may be briefly summarized. A letter from Bogota, Columbia, addressed to the defendant, was opened in New York, its point of entry into this country, by a customs official, and found to obtain what was thought to be cocaine, a conclusion later confirmed by examination and test. The letter was thereafter forwarded to a postal inspector in Lincoln, Nebraska, who arranged for its delivery to the defendant in routine mail delivery. In addition, a search warrant for the addressee's premises was obtained, based upon the discovery of the cocaine. After the defendant picked up his mail, his residence was entered and the aforesaid letter and its contents found and seized. Search of the house disclosed two additional letters from Bogota, as well as a "baggie" of marijuana.

The parties before us devote much effort to argument over the "border search" cases.[4] We do not reach such issues in the light of the evidence adduced at the trial and the rulings of the Nebraska courts thereon. These rulings pertained to three letters from Bogota, Columbia, denominated in the state courts as Exhibits 3, 6 and 7.

* TALBOT SMITH, Senior District Judge, Eastern District of Michigan, sitting by designation.

1. Neb.Rev.Stat. § 28–4, 125 (Cum.Supp.1974).

2. *State v. Hogan,* 194 Neb. 207, 231 N.W.2d 135 (1975).

3. The Honorable Robert Van Pelt, United States District Judge for the District of Nebraska.

4. On the problems of the "border" search, *see Almeida-Sanchez and Its Progeny: The Development of Border Zone Search Law,* 17 Ariz.L. Rev. 214 (1975); *Border Searches: Beyond Almeida-Sanchez,* 8 U.Calif.Davis L.Rev. 163 (1975).

As to Exhibit 3,[5] the letter opened in New York, the defendant insists that he objected thereto, based upon a valid continuing objection, an argument denied by the State of Nebraska, each party citing portions of the record in support thereof. The Supreme Court of Nebraska, as well as the United States District Judge, concluded that there was no objection with reference thereto at trial. As to trial Exhibits 6 and 7, the two additional letters from Bogota, claimed before us to be hearsay, the Supreme Court of Nebraska, the United States District Court in agreement, ruled that since they were not offered as proof of their contents, but "rather to show the defendant's knowledge of the identity of one Leonard Russell and of his presence in Bogota, Columbia; and also of defendant's knowledge of the terminology of drug use,"[6] the hearsay rule did not apply to them.

■ It is clear from *Spencer v. Texas,* 385 U.S. 554, 569, 87 S.Ct. 648, 656, 17 L.Ed.2d 606, 617 (1967)[7] that the introduction of evidence in state courts is governed by state law unless its introduction violates a specific federal constitutional provision. We have repeatedly so held:

> The question of admissibility of evidence usually is a matter of state law and procedure and does not involve federal constitutional issues. And ordinarily habeas corpus being a collateral attack is not considered to be a proper remedy for correcting errors in trial procedure. It is only where the trial errors or irregularities infringe upon a specific constitutional protection or are so prejudicial as to amount to a denial of due process that a justiciable federal issue is presented in a habeas corpus proceeding.

5. In the state courts, the evidence referred to as Ex. 3 consisted of Ex. 3–A, the envelope of the letter containing the cocaine, the letter enclosed therein, Ex. 3–B, and the cocaine, sealed in an envelope marked Ex. 3–C.

6. *State v. Hogan, supra* at 139.

7. *See also Hill v. United States,* 368 U.S. 424, 428, 82 S.Ct. 468, 471, 7 L.Ed.2d 417, 421 (1962), that the claim cognizable in habeas corpus must allege "a fundamental defect which inherently results in a complete miscarriage of

*Atwell v. State of Arkansas,* 426 F.2d 912, 915 (8th Cir. 1970). (Citations omitted)[8]

■ Our analysis of the facts precludes the conclusion that the use of this evidence offended any specific constitutional right of the defendant, or that its use resulted in constitutionally cognizable prejudice. This being the case, any error, should such there be, in admitting this evidence is only an error of state law. The Supreme Court of Nebraska found no such error. This closes the matter upon these facts.

Affirmed.

justice, [or] an omission inconsistent with the rudimentary demands of fair procedure."

8. *See also Walle v. Sigler,* 456 F.2d 1153, 1155 (8th Cir. 1972); *Cunha v. Brewer,* 511 F.2d 894, 898 (8th Cir. 1975), quoting Judge Webster, now of this court, in *Parker v. Swenson,* 332 F.Supp. 1225, 1229 (E.D.Mo.1971), *aff'd,* 459 F.2d 164 (8th Cir. 1972), *cert. denied* 409 U.S. 1126, 93 S.Ct. 943, 35 L.Ed.2d 258 (1973); *Cage v. Auger,* 514 F.2d 1231, 1232 (8th Cir. 1975).