**Sherrell Gary BRINKLEY, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 76–1418.**

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 16, 1976.

Decided June 24, 1977.

Rehearing and Rehearing En Banc Denied July 20, 1977.

Certiorari Denied Nov. 7, 1977. See 98 S.Ct. 435.

---

Henry J. Osterloh, Little Rock, Ark. (argued), and Sherrell Brinkley, filed brief, for appellant.

Samuel A. Perroni, Asst. U. S. Atty., Little Rock, Ark. (argued), and Wilbur H. Dillahunty, U. S. Atty., on brief, for appellee.

Before HEANEY and ROSS, Circuit Judges, and VAN PELT, Senior District Judge.*

VAN PELT, Senior District Judge.

Brinkley appeals from the denial of his petition for relief under 28 U.S.C. § 2255 by the Arkansas District Court.[1] There are two points raised on appeal:

1. Whether all of the elements necessary to convict petitioner of aiding and abetting attempted bank robbery under 18 U.S.C. §§ 2113(a) and 2 were proved by the government.

2. Whether it was a violation of the double jeopardy clause of the Fifth Amendment of the United States Constitution to convict petitioner for aiding and abetting attempted bank robbery under 18 U.S.C. §§ 2113(a) and 2 as well as conspiracy to commit bank robbery under 18 U.S.C. § 371.

We affirm.

The facts show that Jack DeGinther, a branch manager of the Union National Bank in Little Rock, Arkansas, received a call on October 13, 1972, from someone later identified as petitioner demanding DeGinther get together $75,000 or a bomb would go off at his home. DeGinther replied that the branch did not keep that sort of money around and the best he could do was a few thousand dollars. The caller seemed to accept this and DeGinther put approximately $3,000 in a sack. DeGinther received instructions at two different phone booths and was ultimately directed to throw the money over the Arch Street viaduct. DeGinther complied and drove away. None of the conspirators ever gained possession of the money. This set of facts led to the bank robbery charge and was one of nine overt acts in the conspiracy charge.

Petitioner's first contention is that he may have committed extortion under the Hobbs Act, 18 U.S.C. § 1951, but that his conduct did not amount to bank robbery as it is defined in 18 U.S.C. § 2113(a), which provides:

Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another

---

\* Robert Van Pelt, Senior United States District Judge, District of Nebraska, sitting by designation.

1. The Honorable J. Smith Henley, Eighth Circuit Judge, sitting by designation in the United States District Court, Eastern District of Arkansas. Petitioner originally filed a motion to dismiss criminal charges for want of jurisdiction, which was treated in the lower court as a motion for relief from judgment under 28 U.S.C. § 2255.

any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association . . . [shall be punished.]

■ Petitioner contends that since no one personally confronted DeGinther, there was no taking or attempted taking "from the person or presence of another" as required by § 2113(a). We find no case which has examined this section of the statute. However, there are other courts which have faced similar questions regarding whether certain factual situations fall within the bank robbery statute or some other statute. One such case is *United States v. Marx,* 485 F.2d 1179 (10th Cir. 1973), *cert. denied,* 416 U.S. 986, 94 S.Ct. 2391, 40 L.Ed.2d 764 (1974). The defendants were convicted of violating 18 U.S.C. § 2113(a), (d) and (e). They had forced their way into the home of a bank president, strapped a bomb to him, tied the rest of his family to a bed with a bomb placed underneath it, and demanded he go to the bank and negotiate a cashier's check for $49,000. The bank president did this, turned over the money to one of the robbers, and was then instructed to return to his home. Defendants argued the crimes they committed were extortion, obtaining money by false pretenses, and kidnapping— but nothing which would violate the Federal Bank Robbery Act. The court did not accept this argument, finding that defendants intended to rob the bank, and that the bank lost possession of the money at the time the robbers took it from the bank president. In *United States v. Bowser,* 532 F.2d 1318 (9th Cir.), *cert. denied,* 429 U.S. 840, 97 S.Ct. 114, 50 L.Ed.2d 108 (1976), defendant was charged with bank larceny in violation of 18 U.S.C. § 2113(a) and (b). In this case the bank teller was a part of the conspiracy to rob the bank and knew it was going to happen. Defendant claimed he could only be charged with assisting in the embezzlement of the bank by the bank teller. The circuit court found the offense of larceny was real and unconsented to as far as the bank was concerned. In a similar vein, we find that the telephone call to DeGinther was as much of a personal confrontation as if Brinkley had entered the bank with a gun and demanded DeGinther to hand over the bank's money. Through intimidation and fear DeGinther was forced to comply with the demands made upon him or else assume great personal risk. We also find that there was a taking from the person of DeGinther at the time he dropped the money over the viaduct at the exact spot the robbers had instructed. DeGinther lost possession and control of the money at that point, and the money was constructively in the possession of Brinkley and the coconspirators since they had the opportunity to pick it up, and intended to do so. That they never successfully acquired possession of the money makes little difference, since the statute only requires an attempted taking.

■ Petitioner attempts to bolster his argument that he should have been charged with extortion by pointing out that this court in an earlier appeal stated:

The evidence at trial revealed that a series of extortionate telephone calls were made to banks in the Little Rock, Arkansas, area . . . . .

*Brinkley v. United States,* 498 F.2d 505, 507 (8th Cir. 1974). Petitioner also points to the district court instructions regarding whether Brinkley was so under the influence of drugs that he could not form an "intent to extort or attempt to extort money from a bank. . . ." (T. IV at 393, 394). While the use of the word "extort" may have been unfortunate, we do not believe it indicates that extortion is the only crime petitioner could be charged with or that the jury was unaware that petitioner was being tried for bank robbery. The charge of the court specifically outlined robbery elements. Furthermore, we find no place in the record where petitioner objected to the use of the word "extort" in the trial court's instructions. We have repeatedly stated that a party may not assign as error the giving of an instruction unless he objected in the trial court. *Otten v. Stonewall Ins. Co.,* 511 F.2d 143, 146 (8th Cir. 1975); *Griggs v. Firestone*

Tire and Rubber Co., 513 F.2d 851, 857 (8th Cir.), cert. denied, 423 U.S. 865, 96 S.Ct. 124, 46 L.Ed.2d 93 (1975); Vickers v. Gifford-Hill & Co. Inc., 534 F.2d 1311, 1315 (8th Cir. 1976). While such error may be recognized in a § 2255 proceeding, it must be of constitutional magnitude. DeBerry v. Wolff, 513 F.2d 1336 (8th Cir. 1975); Hogan v. State of Nebraska, 535 F.2d 458 (8th Cir. 1976). Any error here was minimal. The trial court correctly instructed the jury on the elements of the offense of robbery—the use of the word "extort" came into play in discussing whether, because of drug use, defendant could form the necessary intent to commit the crime. Because the crimes of extortion and robbery are so similar in that the basis of each one is obtaining something of value through means of fear, threats, and coercion, we feel defendant was not seriously prejudiced. The intent required to commit each crime would be roughly equivalent.

■ Brinkley received consecutive sentences of ten years on the attempted bank robbery charge and two years on the conspiracy charge. In denying the petition for relief, Judge Henley found that petitioner was not placed in double jeopardy by being convicted for both attempted bank robbery and conspiracy to commit bank robbery. As stated in Judge Henley's excellent discussion of this issue in his Memorandum Opinion of April 26, 1976:

. . . [T]he test for whether double jeopardy applies, as enunciated in Blockburger v. United States, 284 U.S. 299, 304 [52 S.Ct. 180, 76 L.Ed. 306] (1932), is as follows:

. . . The applicable rule is that where the same act or transaction constituted a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision required proof of a fact which the other does not. [citation omitted.]

The crime of conspiracy requires an agreement, while no agreement is necessary for the crime of attempted bank robbery. Likewise, the crime of attempted bank robbery requires an unlawful attempt to take "from the person or presence of another any property or money or any other thing of value belonging to, or in the care, custody, control, management or possession of any bank," which is not an essential element of the crime of conspiracy to commit bank robbery, since any overt act in furtherance of the conspiracy suffices.

See also Ianelli v. United States, 420 U.S. 770, 785 n. 17, 95 S.Ct. 1284, 43 L.Ed.2d 616 (1975), which reinforces the Blockburger test as well as United States v. Welty, 426 F.2d 615, 619 n. 15 (3d Cir. 1970); Clermont v. United States, 432 F.2d 1215, 1216 (9th Cir. 1970), cert. denied, 402 U.S. 997, 91 S.Ct. 2182, 29 L.Ed.2d 163 (1971); United States v. Cheers, 439 F.2d 1097, 1098 (5th Cir. 1971), all finding that conspiracy does not merge with the substantive offense of bank robbery.

Denial of the petition for relief is hereby affirmed.