**Sherrel Gary BRINKLEY, Petitioner,**

v.

**P.H. PITZER, Warden, Respondent.**

**No. 3:99–CV–82–P.**

United States District Court,
W.D. North Carolina,
Charlotte Division.

March 10, 1999.

Sherrell Gary Brinkley, Beaumont, TX, Pro. se.

Robert Conrad, Asst U.S. Atty., for Respondent.

---

## ORDER

ROBERT D. POTTER, Senior District Judge.

**THIS MATTER** is before the Court on Petitioner's "Petition for Writ of Habeas Corpus 28 USC Sec. 2241(c)(3) to Correct Illegal Sentence" [document no. 1, filed 3 March 1999], which was transferred to this Court from the United States District Court for the Eastern District of Texas on grounds that such petition was actually a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In 1973, in the United States District Court for the Eastern District of Arkansas, Petitioner was convicted of attempted bank robbery and conspiracy to commit bank robbery and subsequently sentenced to twelve years imprisonment. *See Brinkley v. United States,* 498 F.2d 505 (8th Cir.1974), *aff'd upon remand,* 516 F.2d 916 (8th Cir.1975). Petitioner later filed a motion challenging the conviction under 28 U.S.C. § 2255, which was denied by the sentencing court and affirmed by the United States Court of Appeals for the Eighth Circuit. *Brinkley v. United States,* 560 F.2d 871 (8th Cir.), *cert. denied,* 434 U.S. 941, 98 S.Ct. 435, 54 L.Ed.2d 302 (1977).

In 1993, Petitioner was convicted by this Court and sentenced to thirty years imprisonment for conspiracy, various firearms violations, and possession of a stolen vehicle. *United States v. Brinkley,* No. C-CR-91-131-P (W.D.N.C.1993), *aff'd in part and vacated in part,* 46 F.3d 1127 (4th Cir.1995) (unpublished), *aff'd upon remand,* 82 F.3d 411 (4th Cir.1996) (unpublished), *cert. denied,* 519 U.S. 850, 117 S.Ct. 141, 136 L.Ed.2d 88 (1996). Petitioner's sentence was enhanced based on his 1973 conviction.

On 1 December 1994, Petitioner, who was then incarcerated in Atlanta, Georgia, filed a petition for habeas relief under 28 U.S.C. § 2241 in the United States District Court for the Northern District of Georgia. In that petition, Petitioner sought to challenge his current sentence by attacking the validity of his 1973 conviction. The Northern District of Georgia dismissed the petition for lack of jurisdiction because such a motion must be filed in the sentencing court under § 2255. *Brinkley v. Stock,* No. 1:95-CV-18-RCF (N.D.Ga. March 3, 1995).

On 4 November 1996, Petitioner filed a motion in this Court attacking his sentence under § 2255. The Court denied and dismissed the petition, and the United States Court of Appeals for the Fourth Circuit affirmed. *Brinkley v. United States,* No. 3:97-CV-242 (W.D.N.C. Apr. 28, 1997), *aff'd,* 125 F.3d 849 (4th Cir.1997) (unpublished).

On 9 October 1998, Petitioner, who is currently an inmate at the federal penitentiary in Beaumont, Texas, filed a § 2241 petition in the United States District Court for the Eastern District of Texas. His petition challenged the validity of the sentence imposed by this Court. The Eastern District of Texas transferred the petition to this Court after determining that the petition was actually a motion under § 2255. *Brinkley v. Pitzer,* No. 1:98-CV-1893, slip op. at 2 (E.D.Tex. Nov. 24, 1998). On 26 February 1999, this Court denied and dismissed the petition because it was an unauthorized "second or successive" motion under § 2255. *Brinkley v. Pitzer,* No. 3:99-CV-54-P, slip op. at 2 (W.D.N.C. Feb. 26, 1999).

Most recently, the Court received the instant petition—yet another petition for habeas relief under § 2241. Petitioner filed the instant petition in the Eastern District of Texas on 4 May 1998. The Eastern District of Texas again determined that the petition was actually a motion under § 2255 and therefore transferred the case to this Court. *Brinkley v. Pitzer,* No. 1:98-CV-1574 (E.D.Tex. Jan. 15, 1999). While it appears that the instant petition should have been consolidat-

ed with the petition dismissed by this Court on 26 February 1999, the Court will now consider the instant petition as a separate matter.

## II. DISCUSSION AND ANALYSIS

 A court will not entertain a § 2241 petition unless a motion under § 2255 is "inadequate or ineffective to test the legality of [an inmate's] detention." 28 U.S.C. § 2255 (1999); *see Swain v. Pressley*, 430 U.S. 372, 381, 97 S.Ct. 1224, 51 L.Ed.2d 411 (1977). Petitioner bears the burden of showing the inadequacy or ineffectiveness of a § 2255 motion. *See McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir.1979).

Petitioner has failed to demonstrate that a § 2255 motion provides an inadequate remedy. Although he has brought several prior unsuccessful § 2255 motions, this fact alone does not establish that the remedy is inadequate—especially when the issues raised in the instant motion are virtually identical to the issues raised in his previously dismissed § 2255 motions. *In re Vial*, 115 F.3d 1192, 1194 n. 5 (4th Cir.1997). The instant petition is therefore not a § 2241 petition but rather just another one of Petitioner's countless motions under § 2255.

A "second or successive motion" attacking a sentence cannot be filed without first seeking certification from the appropriate court of appeals. 28 U.S.C. §§ 2255, 2244; *McGann v. United States*, 261 F.2d 956, 958 (4th Cir.1958), *cert. denied*, 359 U.S. 974, 79 S.Ct. 891, 3 L.Ed.2d 841 (1959). The Fourth Circuit has not authorized this Court to consider Petitioner's second § 2255 motion, let alone his third or fourth such motion. Therefore, the Court must dismiss it.

**NOW, THEREFORE, IT IS ORDERED** that Petitioner's "Petition for Writ of Habeas Corpus 28 USC Sec. 2241(c)(3) to Correct Illegal Sentence" [document no. 1], which was properly transferred to this Court from the United States District Court for the Eastern District of Texas on grounds that such petition was actually a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, be, and hereby is, **DENIED.**

The Court will simultaneously file a separate Judgment dismissing Petitioner's case with prejudice.

The Clerk is directed to certify copies of this Order to Petitioner and to the United States Attorney for the Western District of North Carolina.