**UNITED STATES of America,**
**Plaintiff/Appellee,**

v.

**John Albert MORLAN,**
**Defendant/Appellant.**

No. 84–5126.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 4, 1984.

Decided April 4, 1985.

Elizabeth A. Hartwig, Asst. U.S. Atty., San Diego, Cal., for plaintiff/appellee.

Mario G. Conte, Jr., San Diego, Cal., for defendant/appellant.

Before PREGERSON and BOOCHEVER, Circuit Judges, and ORRICK,* District Judge.

ORRICK, District Judge:

Appellant, John Albert Morlan, after a jury trial, was found guilty of conspiracy to commit armed bank robbery in violation of 18 U.S.C. §§ 371 and 2113(a), (d) (Count One), and armed bank robbery in violation of 18 U.S.C. § 2113(a), (d) (Counts Three and Four).[1] He appeals from a denial of his motion to dismiss Counts Three and Four of the indictment on the grounds of vagueness and ambiguity for failure to name the bank employees who were allegedly assaulted and the bank employee whose life was placed in jeopardy by the firing of the handgun. Appellant contends that the trial court erred in denying the motion, thereby denying him his Sixth Amendment right to be clearly presented with the charges he faced. He also claims that the district court abused its discretion in excluding testimony of specific acts of violence of his accomplice Timothy William Harding, aka Gary Dennis Campbell, when these acts were unknown to the appellant, and when the defense at trial was that Harding had coerced the appellant into committing the robbery. Finally, appellant argues that concurrent sentences cannot be imposed for assault and placing in jeopardy of life during the commission of a single bank robbery. Other than the inadvertent imposition of the concurrent sentences for assault and placing in jeopardy of life during the commission of a single bank robbery, which must be corrected by the trial court, we affirm the judgment below on all grounds.

## I

On August 26, 1984, at approximately 4:00 p.m., appellant Morlan and his accomplice Harding entered the Crocker National Bank in Escondido, California. The two men pulled bandanas up over their faces. Harding then unholstered a revolver, and fired a shot into the ceiling. He announced that a robbery was in progress and that everyone should hit the floor and not touch the alarm buttons. Morlan vaulted the tellers' counter and took money out of the teller "bus" belonging to Fran Iverson. Approximately $9,505 was stuffed into a bag while Harding perched on the counter and directed the employees not to watch. Harding then fired a second shot that apparently was aimed at employee Barbara Acosta but which hit two or three feet away from employee Neita Inglis. Morlan and Harding then fled in a van that was driven by co-defendant Bernadette Garcia. Morlan and Garcia were captured without further incident. Harding, however, escaped and took a hostage. Both Harding and the hostage were eventually killed by the police.

## II

### A

We deal first with the claim that the trial court erred in denying the motion to dismiss Counts Three and Four upon the grounds that those counts were vague and ambiguous in failing to identify the bank

---

* Honorable William H. Orrick, United States District Judge for the Northern District of California, sitting by designation.

1. On April 30, 1984, defendant was committed to the custody of the Attorney General for five years under Count One, sixteen years under Count Three, and sixteen years under Count Four with the sentences to run concurrently.

employees alleged to have been assaulted and the employee whose life had been placed in jeopardy by the firing of the handgun. A district court's denial of a motion to dismiss an indictment for vagueness is subject to review under the *de novo* standard. *United States v. Christopher*, 700 F.2d 1253, 1257 (9th Cir.) *cert. denied*, 461 U.S. 960, 103 S.Ct. 2436, 77 L.Ed.2d 1321 (1983). An indictment is sufficient if it contains the elements of the charged crime in adequate detail to inform the defendant of the charge, and to enable him to plead double jeopardy. *Hamling v. United States*, 418 U.S. 87, 117, 94 S.Ct. 2887, 2907, 41 L.Ed.2d 590 (1974). As this Court stated in *United States v. Buckley*, 689 F.2d 893, 896 (9th Cir.1982), two corollary purposes of an indictment are "(1) to ensure that the defendants are being prosecuted on the basis of facts presented to the grand jury, and (2) to allow the court to determine the sufficiency of the indictment." *See Russell v. United States*, 369 U.S. 749, 768–71, 82 S.Ct. 1038, 1049–51, 8 L.Ed.2d 240 (1962); *United States v. Bohonus*, 628 F.2d 1167, 1173 (9th Cir.) *cert. denied*, 447 U.S. 928, 100 S.Ct. 3026, 65 L.Ed.2d 1122 (1980); *United States v. Cecil*, 608 F.2d 1294, 1296–97 (9th Cir.1979).

Count Three of the indictment alleged that in committing the robbery, appellant and Harding "did assault the employees" of the bank with a "handgun." Count Four alleged that appellant and Harding "did assault a bank teller" by "pointing a handgun at said teller and firing the handgun at said teller." Neither of the counts specified the names of any employees or tellers in the bank.

In the trial court, Morlan argued that he might be convicted for assaulting employees or tellers other than those that the grand jury had in mind when it returned the indictment, and contended that Count Three's failure to specify particular employees created a burden on the government to prove an assault on all of the employees to ensure unanimity between the grand and petit juries. Morlan further claimed that the vagueness of both counts gave him insufficient notice of the charge,

and would not allow him to plead former jeopardy in the event of subsequent prosecutions. The government responded that the allegations of each count were sufficiently particular to allow for adequate preparation of a defense, that it was clear from the discovery that the money was taken from teller Fran Iverson, and that the teller who was shot at and who formed the basis for Count Four was Barbara Acosta. The prosecution also stated that the basis for the assault on the "employees" in Count Three was "a warning shot into the ceiling."

On appeal, Morlan argues as to Count Four that discovery reflects that Janet Martinez was the person believed by the grand jury to have been assaulted and that at trial the government adduced evidence from which the jurors could find that either Ms. Acosta, Ms. Inglis, or Ms. Iverson was the object of the assault. Morlan claims that Ms. Acosta's testimony that the bandit squatted on the counter, "turned from left to right, left facing Fran and his cohort, and then turned right and saw me, and fired" (Appellant's Brief at 4–5, citing R.T. 656) was not direct testimony that he had fired at Ms. Acosta. Appellant also points out that Ms. Iverson testified that she did not know that the robber had shot at Barbara Acosta, and thus claims that Ms. Iverson believed either that it was she who had been shot at or that the shot was not directed at anyone. Finally, appellant points to the testimony of Neita Inglis, a service manager, and FBI agent Robert Leight. Ms. Inglis testified that while she was lying behind a desk, the second shot was fired, and that the bullet hit two to three feet away from her, ricocheted off the desk, and ultimately lodged in the wall. The FBI agent confirmed this testimony on the track of the bullet. Appellant argues that "certainly, any sensible person could find that the life of Ms. Inglis was put in jeopardy when a bullet ricocheted off the desk where she was lying after having hit two or three feet from her." Appellant's Brief at 8.

## B

The indictment's failure to name particular employees or tellers does not result in a deficiency. The law requires only that the indictment delineate the elements of the crime. There is no requirement that an indictment for bank robbery name the particular persons assaulted during the robbery or those persons from whom the money is taken. Title 18 U.S.C. § 2113, the basis for Counts Three and Four of the indictment, states in relevant part:

(a) Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association; or

Whoever enters or attempts to enter any bank, credit union, or any savings and loan association, or any building used in whole or in part as a bank, credit union, or as a savings and loan association, with intent to commit in such bank, credit union, or in such savings and loan association, or building, or part thereof, so used, any felony affecting such bank, credit union, or such savings and loan association and in violation of any statute of the United States, or any larceny—

Shall be fined not more than $5,000 or imprisoned not more than twenty years, or both.

\* \* \* \* \* \*

(d) Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined not more than $10,000 or imprisoned not more than twenty-five years, or both.

As shown by the clear statutory language, the elements of the crime involved here require only that *"any person"* be assaulted. By leaving the question of "which" teller and "which" employees were assault-ed to the petit jury, the grand jury did not permit the petit jury to convict for a different crime, but merely to convict if they found that any teller or some of the employees were assaulted. Thus, appellant's argument requiring complete agreement between the petit and grand juries on the identities of the assault victims is misguided.

This case is on all fours with *Rivera v. United States*, 318 F.2d 606 (9th Cir.1963), which upheld an indictment in which the person to whom marijuana was sold and the amount paid were not set forth. This Court ruled that neither of those details is an element of an offense under 21 U.S.C.A. § 176a, and that the indictment was sufficient because it set forth all the essential elements of the crime: the time and place of the sale, and the amount of marijuana that was sold.

This case is also analogous to *United States v. Panzavecchia*, 446 F.2d 1293 (5th Cir.1971). In *Panzavecchia*, the court held that the failure of the indictment, which charged the defendant with passing and uttering a counterfeit federal reserve note, to allege the name of the person who received the note did not render the indictment defective. Rather, the name of the person to whom the note was passed was not an essential element of the offense, and thus need not be set out in the indictment.

Appellant claims that his case is controlled by *United States v. Agone*, 302 F.Supp. 1258 (S.D.N.Y.1969), which held an indictment under 29 U.S.C. § 530 insufficient because it failed to name the particular union member allegedly subjected to force, violence, and threats. *Agone* is easily distinguished. Whereas the court there held that the identity of the union member went to the very core of criminality under the statute, such is not the case here. The statute that defines this offense *is* a "general proscription of assaults," the situation that the Court in *Agone* was careful to distinguish. *Id.* at 1260.

Here the indictment is sufficient because it is not so vague as to inhibit the defend-

ant's preparation for trial. All of the essential requirements of specificity were met by this indictment. Moreover, the appellant's evidence of confusion is simply unconvincing. Ms. Acosta's testimony clearly shows that she was the target of the second shot, and Ms. Iverson's testimony that she did not know that the robber had shot at Ms. Acosta cannot reasonably be interpreted to mean that she thought of herself as the target.[2]

■ In addition to the requirement that an indictment be sufficiently specific so as to apprise the defendant of what he must be prepared to meet at trial, it must also be specific enough to protect the defendant against a second prosecution for a similar offense. *Russell v. United States*, 369 U.S. 749, 763, 82 S.Ct. 1038, 1046, 8 L.Ed.2d 240 (1962). There can be no legitimate claim that the indictment was so vague that it failed to serve this function. Indeed, the indictment's greatest virtue from the appellee's point of view was its very broadness: by charging an assault on "the employees" and "a teller," the grand jury precluded the possibility of future trials for assaulting any particular tellers or employees.

### III

Appellant further contends that the trial court committed reversible error by excluding evidence of prior similar acts of violence by his accomplice Harding. Appellant suggests that although these acts were unknown to him, they were relevant

because they corroborated his coercion defense.

■ At trial, appellant sought to introduce evidence of specific acts of violence of Harding in support of his defense that he was coerced into robbing the bank. According to the appellee, after the government rested on March 15, 1984, appellant filed a memorandum on the admissibility of Harding's violent acts. This memorandum contained no hint as to any particular conduct or acts. Later in the day, the trial judge asked appellant's counsel for an offer of proof, and counsel stated that "he was hoping that we could talk about specific instances," but again no offer of proof was made. Appellee's Brief at 18–19. Ultimately, the trial court ruled that such acts were irrelevant and inadmissible unless they were known to the appellant. The decision of the trial court as to the relevancy of evidence is reviewed for an abuse of discretion. *United States v. Brannon*, 616 F.2d 413, 418 (9th Cir.1980), *cert. denied sub nom., Cox v. United States*, 447 U.S. 908, 100 S.Ct. 2993, 64 L.Ed.2d 858 (1980).

■ Appellant contends that the acceptance or rejection of the coercion defense turned upon his own credibility, and that he was denied the opportunity to introduce corroborative evidence. He argues that, "had prior specific acts reflected that Harding had coerced another youngster into bank robbery or other type of crime, such specific acts cannot be regarded as irrele-

---

**2.** While appellant's reliance on *Agone* is misplaced, two uncited cases do establish a basis for appellant's argument. In *United States v. Gordon*, 641 F.2d 1281 (9th Cir.1981), the court dealt with a prosecution for a conspiracy to bribe Nevada's Gaming Commissioners, and held that the divergence between the statute under which the grand jury indicted and that under which the petit jury convicted was not so great as to constitute a due process violation. In dicta, however, the court noted that "had the change in statutes presented the possibility that the grand jury was thinking of one public officer and the petit jury of another, the case would fall under the rule of *Ex Parte Bain*," 121 U.S. 1, 7 S.Ct. 781, 30 L.Ed. 849 (1887), and would have presented a constitutional problem. *Id.* at 1286.

Along these same lines lies dicta in *Blumenfield v. United States*, 284 F.2d 46 (8th Cir.1960), where the court held that an indictment charging defendants with violations of the White Slave Traffic Act was not invalid for failure to name the alleged victim. The court stated, however, "Finally, it should be noted that the Government at no time suggested that defendants had ever induced any person other than Marilyn Ann Tollefson to travel in interstate commerce for purposes prohibited by the Act." *Id.* at 50. The apparent implication is that the existence of another possible victim would have rendered the indictment unconstitutional.

vant and inadmissible." Appellant's Brief at 12. In essence, appellant argues that the district court's failure to admit the evidence denied him the right to present a defense and the right to present his version of the facts. As authority for his position, appellant relies primarily on *United States v. McClure*, 546 F.2d 670 (5th Cir.1977), in which the court held it was error to exclude evidence that a DEA informant coerced other individuals to sell heroin. The court there concluded that Federal Rule of Evidence 404(b) required admission of these subsequent acts of coercion in order to show a lack of criminal intent by the defendant. Appellant similarly cites *Evans v. United States*, 277 F.2d 354 (D.C.Cir.1960), which found reversible error in the district court's exclusion of evidence of the deceased's belligerency where that evidence was unknown to the defendant. The court held that this evidence was relevant because it corroborated the defendant's claim that the deceased was the aggressor.

*McClure* is factually distinguishable because no comparable offer of proof of a "systematic campaign of threats" was made. Because appellant here never indicated that he had evidence of specific similar acts of coercion by Harding, the district court committed no error in excluding testimony that was never offered. Rule 103 of the Federal Rules of Evidence prohibits this court from overturning the district court where the substance of the evidence was not made known to the court by offer or was not apparent from the context within which the questions were asked.[3]

This ruling is particularly appropriate in light of the fact that numerous witnesses were allowed to testify about Mr. Harding's reputation for violence. In the words of the appellee, "the jury could have had no doubt that Harding was vicious and fear provoking." Appellee's Brief at 21. ▮ Furthermore, even if the evidence should have been admitted, failure to

admit it does not constitute reversible error: in order to excuse criminal conduct based on a claim of duress, the appellant had to show that he acted under an immediate threat of death or serious bodily injury; that he had a well-grounded fear that the threat would be carried out; and that he had no reasonable opportunity to escape the threatened harm except by committing the criminal act. *United States v. Shapiro*, 669 F.2d 593, 596 (9th Cir.1982). The appellant's own testimony belies the asserted defense. Although appellant claims that he knew Harding to be a vicious man, he rode around with him in a van for six hours prior to the robbery. Thus, the trial court did not commit reversible error.

### IV

▮ Finally, citing *Clermont v. United States*, 432 F.2d 1215 (9th Cir.1970), *cert. denied*, 402 U.S. 997, 91 S.Ct. 2182, 29 L.Ed.2d 163 (1971), appellant argues that concurrent sentences cannot be imposed for assault and the placing in jeopardy of life (Counts Three and Four) where both occurred during a single bank robbery. Appellant claims that it must be assumed that "the employees" of Count Three encompassed "a bank teller" under Count Four. According to the appellee, it was the trial judge's intention that Counts Three and Four be merged. Thus, under the principle of *Clermont*, it is proper to affirm the district court, and to remand the case to correct the judgment.

The judgment of the district court on appellant's conviction is affirmed. The case is remanded to the district court for correction of the Judgment and Commitment.

---

**3.** Federal Rule of Evidence 103(a) provides in relevant part:

    Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and
    \*    \*    \*    \*    \*    \*

    (2) In case the ruling is one excluding evidence, the substance of the evidence was made known to the court by offer or was apparent from the context within which questions were asked.