116 F.3d 487
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael Alexander VARDANIAN, Defendant-Appellant.
 No. 96-50283.
 United States Court of Appeals, Ninth Circuit.
 Argued and submitted June 5, 1997
Decided June 19, 1997.
 
 Appeal from the United States District Court for the Central District of California, No. CR-93-00768-JL(SH)-1; J. Spencer Letts, District Judge, Presiding.
 Before: HUG, Chief Judge, and FERNANDEZ and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Michael Vardanian appeals his conviction and sentence for conspiracy to manufacture and distribute methamphetamine, possession with the intent to distribute methamphetamine, and distribution of methamphetamine. See 21 U.S.C. §§ 841(a)(1), 846. On appeal, he claims that the district court made an erroneous evidentiary ruling when it did not allow him to present other crimes evidence, improperly refused to instruct the jury about his possible sentence, and improperly answered a jury note involving entrapment. He also asserts that the district court miscalculated his sentence under the Sentencing Guidelines[1] when it improperly ruled on sentence entrapment and acceptance of responsibility. We affirm Vardanian's conviction and sentence.
 
 
 3
 A. Exclusion of Purported Rule 404(b) Evidence
 
 
 4
 Vardanian argues that he should have been permitted to question one of his witnesses, Logan Crabtree, about Informant Barkley's alleged entrapment of Crabtree into other, unrelated crimes. Vardanian may not contest the district court's ruling on appeal because he made no proper offer of proof to the district court, even though the district court stated that it would consider admitting the evidence if a proper proffer were made. Under Federal Rule of Evidence 103(a)(2) we "cannot review" a claim of improper exclusion of evidence where that evidence "was not presented to the district court." United States v. Pacheco, 912 F.2d 297, 304 (9th Cir.1990); see also United States v. Morlan, 756 F.2d 1442, 1446-47 (9th Cir.1985).
 
 
 5
 B. Refusal to Instruct the Jury about the Possible Sentence
 
 
 6
 Vardanian argues that the district court abused its discretion when it refused to instruct the jury on the statutory mandatory minimum sentence faced by Vardanian. We reject this contention because "[i]t is well established that when a jury has no sentencing function, it should be admonished to reach its verdict without regard to what sentence might be imposed." Shannon v. United States, 512 U.S. 573, ---, 114 S.Ct. 2419, 2424, 129 L.Ed.2d 459 (1994) (footnote and quotation omitted); see also United States v. Olano, 62 F.3d 1180, 1201-02 (9th Cir.1995), cert. denied, --- U.S. ----, 117 S.Ct. 303, 136 L.Ed.2d 221 (1996).
 
 C. The Jury Note Regardinq Entrapment
 
 7
 Vardanian also argues that the district court abused its discretion in responding to a jury note regarding entrapment. His argument appears to be that the instruction given did not adequately convey that "predisposition" means predisposition before government contact, and that the instruction had to be modified to answer the note. We reject this argument in light of the district court's use of an instruction which informed the that Vardanian had to be "disposed to commit the crime before" he was contacted by government agents. That was an accurate precis of the law. See Jacobson v. United States, 503 U.S. 540, 547 n. 1, 112 S.Ct. 1535, 1540 n. 1, 118 L.Ed.2d 174 (1992); United States v. Mkhsian, 5 F.3d 1306, 1311 (9th Cir.1993).
 
 D. Sentence Entrapment
 
 8
 Next, Vardanian argues that for sentencing purposes the district court improperly calculated the amount of methamphetamine involved in his offenses when it failed to depart downward on the theory of sentence entrapment. To the extent that he argues that the district court erred in determining the amount of methamphetamine for which he is responsible, we disagree with his argument. The district court made it perfectly clear that, based on the evidence, Vardanian was not entrapped at all, but, rather, was ready, willing and able to fully participate in transactions of the size involved here before the government contacted him. Cf. United States v. Castaneda, 94 F.3d 592, 595 (9th Cir.1996); United States v. Naranjo, 52 F.3d 245, 250-51 (9th Cir.1995). The record supports that determination. To the extent that Vardanian was seeking a truly discretionary Guideline departure, we lack jurisdiction because there is no doubt that the district court was aware of its discretion and a "discretionary refusal to depart downward is not reviewable on appeal." United States v. Morales, 898 F.2d 99, 101, 103 (9th Cir.1990); see United States v. Garcia-Garcia, 927 F.2d 489, 490 (9th Cir.1991) (per curiam).
 
 E. Acceptance of Responsibility
 
 9
 Finally, Vardanian argues that he was entitled to a reduction in his sentencing level for acceptance of responsibility. In his testimony at trial he actually blamed his conduct on another person and at sentencing he continued to blame others for his actions. Under USSG § 3El.l, a defendant is entitled to a sentence reduction only if he truly accepts responsibility for his conduct. See United States v. Restrepo, 930 F.2d 705, 710 (9th Cir.1991). Vardanian correctly argues that an entrapment defense at trial does not per se exclude a sentencing adjustment for acceptance of responsibility. See United States v. Ing, 70 F.3d 553, 556 (9th Cir.1995). However, he never actually did accept responsibility, although he made a few grudging feints at acceptance. The district court was in a "unique position to evaluate" his claimed acceptance. USSG § 3E1.1, comment. (n.5). It did not err when it rejected his claim.
 
 
 10
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 The district court properly used the November, 1993 edition of the Guidelines to sentence Vardanian, and all Guideline references are to that edition