**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50431 |
| Plaintiff - Appellee, | D.C. No. 3:09-cr-04426-BEN-1 |
| v. | |
| GILBERT FLORES, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Argued and Submitted February 5, 2013
Pasadena, California

Before: O'SCANNLAIN, TROTT, and CLIFTON, Circuit Judges.

Gilbert Flores appeals his conviction of importing methamphetamine into the United States. He challenges the district court's decisions to exclude evidence of his wealth and admit the government's expert witness testimony on "blind mules." We affirm.

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Flores has not shown that he ever made an offer of proof of wealth evidence, and without any offer of proof, we cannot review the exclusion of that evidence. *See* Fed. R. Evid. 103(a)(2); *United States v. Morlan*, 756 F.2d 1442, 1447 (9th Cir. 1985). Even if he had made an offer of proof, he never objected to the district court's decision to exclude wealth evidence at trial, so we could at most review that decision for plain error. *United States v. Valenzuela*, 495 F.3d 1127, 1130 (9th Cir. 2007). Any error was not plain. The district court relied on *United States v. Mitchell*, where we held that evidence of a defendant's poverty was inadmissible to prove motive to commit a robbery because it was unfairly prejudicial. 172 F.3d 1104, 1108–10 (9th Cir. 1999). *Mitchell* may not lend much support to excluding evidence of wealth because wealth evidence, unlike poverty evidence, does not entail the same risk of unfair prejudice to a criminal defendant. Error is not plain, however, "where there is no controlling authority on point and where the most closely analogous precedent leads to conflicting results." *United States v. De La Fuente*, 353 F.3d 766, 769 (9th Cir. 2003). Because there is no controlling authority on point, and *Mitchell* does not make clear whether evidence of wealth is inadmissible, the exclusion was not plain error.

We also affirm the district court's decision to admit expert testimony on "blind mules." We review a district court's decision to admit expert testimony for

2

abuse of discretion, *United States v. Calderon-Segura*, 512 F.3d 1104, 1109 (9th Cir. 2008), as well as its evidentiary decisions. *United States v. Alvarez*, 358 F.3d 1194, 1205 (9th Cir. 2004). The district court did not abuse its discretion in concluding that the blind mule testimony was permissible under Federal Rules of Evidence 702 and 704. We rejected the argument that these rules prohibited this type of testimony in *United States v. Murillo*, 255 F.3d 1169, 1177-78 (9th Cir. 2001), *overruled on other grounds as recognized in United States v. Mendez*, 476 F.3d 1077, 1080 (9th Cir. 2007). Nor did the district court abuse its discretion in determining that the testimony was not unduly prejudicial under Federal Rule of Evidence 703. The evidence was probative in light of Flores's theory that he was an unknowing courier, and it was not significantly more prejudicial than the testimony in similar cases where we upheld such testimony against attacks under Rule 703. *See, e.g.*, *United States v. Sepulveda-Barraza*, 645 F.3d 1066, 1072–73 (9th Cir. 2011). Finally, it was not an abuse of discretion to limit questions on cross-examination of the witness that called for inadmissible hearsay. *See In re Hanford Nuclear Reservation Litig.*, 534 F.3d 986, 1012 (9th Cir. 2008).

At oral argument, counsel for the government acknowledged that evidence that blind mules exist came to the attention of his office after this trial came to a close. He also represented that, to his knowledge, the office was no longer putting

3

on testimony to the effect that blind mules do not exist. We trust that the government will not submit expert testimony that it knows is inaccurate.

**AFFIRMED.**