**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10536 |
| Plaintiff - Appellee, | D.C. No. 2:10-cr-01257-GMS-1 |
| v. | |
| MARCO VENEGAS-REYNOSO, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, District Judge, Presiding

Argued and Submitted March 14, 2013
San Francisco, California

Before:   FISHER and NGUYEN, Circuit Judges, and GARBIS, Senior District
Judge.[**]

Marco Venegas-Reynoso ("Reynoso") appeals his convictions for

possession with intent to distribute and importation of cocaine into the United

States.  At trial, the primary issue before the jury was whether Reynoso knew the

---

[*]This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]The Honorable Marvin J. Garbis, Senior United States District Judge for
the District of Maryland, sitting by designation.

vehicle he drove into the United States had a large amount of cocaine hidden within it or whether he was simply an unknowing drug courier, commonly referred to as a "blind mule." Reynoso contends the district court erred in (1) admitting the government's expert witness testimony on the "structure and operations of drug trafficking organizations" in contravention of our holding in *United States v. Vallejo*, 237 F.3d 1008, *opinion amended on denial of reh'g*, 246 F.3d 1150 (9th Cir. 2001); (2) admitting the government's expert witness testimony on the non-use of blind mules by drug traffickers over Reynoso's Federal Rule of Evidence 704(b) objection; (3) denying his motion for a new trial based on newly discovered evidence of a criminal complaint involving a blind mule scheme (the *Chavez* complaint); and (4) failing to find that the government committed a *Brady* violation warranting a new trial by not disclosing the *Chavez* complaint. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review a district court's evidentiary decisions for an abuse of discretion. *United States v. Varela-Rivera*, 279 F.3d 1174, 1178 (9th Cir. 2002). The district court did not abuse its discretion in concluding that the expert's testimony relating to the structure and operations of drug trafficking organizations complied with Federal Rules of Evidence 401 and 403. We rejected the argument that *Vallejo* and its progeny created a *per se* rule of inadmissibility as to this type of testimony in

2

*United States v. Sepulveda-Barraza*, 645 F.3d 1066, 1070-72 (9th Cir. 2011).[1] The testimony was probative and not unfairly prejudicial because it "went right to the heart of [Reynoso's] defense that he was simply an unknowing courier," *United States v. Murillo*, 255 F.3d 1169, 1177 (9th Cir. 2001), *overruled on other grounds as recognized in United States v. Mendez*, 476 F.3d 1077, 1080 (9th Cir. 2007), and provided support for the expert's opinion regarding the non-use of blind mules by drug traffickers. *See Sepulveda-Barraza*, 645 F.3d at 1072.

With respect to the explicit portions of the expert's testimony relating to the non-use of blind mules by drug traffickers, we have some concerns that this testimony ventured close to drawing, in effect, the ultimate conclusion for the jury that Reynoso had knowledge of the cocaine in violation of Federal Rule of Evidence 704(b). However, in *United States v. Murillo*, we approved under Rule 704(b) the admission of expert testimony by a law enforcement official as to the non-use of blind mules where the expert limited the testimony to his personal experience with drug traffickers and an explanation, based on his experience, of why drug traffickers would not use blind mules. 255 F.3d at 1178. In light of our

---

[1] Unlike the testimony at issue in *Vallejo* and related cases, the testimony of the government's expert related primarily to the  modus operandi of drug couriers involved with drug trafficking organizations. *See United States v. Murillo*, 255 F.3d 1169, 1177-78 (9th Cir. 2001) (distinguishing drug courier modus operandi testimony from testimony at issue in *Vallejo*).

decision in *Murillo*, we cannot say the district court's decision to permit blind mule expert testimony was "illogical, implausible, or without support in inferences that may be drawn from the record." *United States v. Hinkson*, 585 F.3d 124, 1263 (9th Cir. 2009) (en banc).

Even if we were to hold that the district court did err in this respect, the error would be harmless in light of the other evidence presented showing guilt. This included evidence that the border patrol officials found over a million dollars' worth of cocaine hidden in a spare tire mounted under the truck driven by Reynoso in a manner that rendered removal of the tire by officials particularly difficult and that Reynoso did not appear surprised when confronted with information as to the discovered drugs.

We affirm the district court's denial of Reynoso's Federal Rule of Criminal Procedure 33 motion for a new trial based on newly discovered evidence of the *Chavez* complaint, in which the government charged individuals with importing marijuana through the use of blind mules. We review the district court's decision for an abuse of discretion. *Hinkson*, 585 F.3d at 1263. The district court correctly concluded that, assuming the *Chavez* complaint constituted "newly discovered evidence" within the meaning of Rule 33, it did not warrant a new trial under the test articulated in *United States v. Harrington*, 410 F.3d 598, 601 (9th Cir. 2005).

4

At most, the *Chavez* complaint would merely impeach the government's expert by showing a situation, albeit vastly different from Reynoso's case,[2] in which the government accused drug traffickers of importing contraband through blind mules. By no means would this impeachment evidence render the expert's direct testimony "totally incredible." *See United States v. Davis*, 960 F.2d 820, 825 (9th Cir. 1992).

The district court did not plainly err by failing to find that the government's non-disclosure of the *Chavez* complaint constituted a *Brady* violation warranting a new trial.[3] The government only has a *Brady* obligation to disclose exculpatory information in its "possession." *See United States v. Price*, 566 F.3d 900, 908 (9th Cir. 2009). There is no evidence suggesting that the prosecution, or any agents involved in Reynoso's prosecution, had actual or constructive knowledge of the unrelated out-of-district *Chavez* case at any time before Reynoso filed his new trial motion or that any agent involved in Reynoso's prosecution – in the district of Arizona – was also involved in the *Chavez* case in the district of Texas. *See generally United States v. Bryan*, 868 F.2d 1032, 1036-37 (9th Cir. 1989).

_____

[2] The *Chavez* complaint contains allegations of a sophisticated marijuana smuggling scheme.

[3] Reynoso did not present his *Brady* claim to the district court. Thus, we may only review for plain error under Federal Rule of Criminal Procedure 52(b).

5

Moreover, the *Chavez* complaint was filed on July 1, 2011, after the conclusion of Reynoso's trial. Hence, the only information that could have been provided to the defense at the time of trial by an "all knowing" prosecutor would have been that in another district, the government was investigating a tip of a drug importation scheme involving blind mules in circumstances substantially different from those presented in Reynoso's case.[4]

Finally, we believe it is unlikely that going forward the government will present expert testimony from law enforcement officials to the effect that drug traffickers do not, and would not ever, utilize blind mules to import large quantities of drugs into the United States. In view of the *Chavez* complaint, such a statement would not be truthful. As stated in the recent unpublished decision in *United States v. Flores*, No. 11-50431, 2013 WL 681155, at *2 (9th Cir. Feb. 26, 2013), "[w]e trust that the government will not submit expert testimony that it knows is inaccurate."

**AFFIRMED.**

---

[4] Even if the prosecution came into "possession" of the *Chavez* complaint after it had been filed, it is difficult to say Reynoso suffered any prejudice by the prosecution's failure to disclose the complaint since Reynoso's counsel learned of the filing on July 13, 2011, and filed the new trial motion on August 3, 2011.

6