**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JULY 7 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50280 |
| Plaintiff - Appellee, | D.C. No. 10CR4400-MMA |
| v. | |
| JOSE ANGEL SERRANO, Jr., | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Michael M. Anello, District Judge, Presiding

Argued and Submitted February 4, 2014
Pasadena, California

Before: PREGERSON and BERZON, Circuit Judges, and AMON, Chief District Judge.[**]

Jose Angel Serrano, Jr. appeals his conviction and sentence for conspiracy to distribute and possession with intent to distribute MDMA ("ecstasy") in violation of 21 U.S.C. §§ 841 and 846. We affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Carol Bagley Amon, Chief District Judge for the United States District Court for the Eastern District of New York, sitting by designation.

**I.**  Serrano contends that the district court's rulings deprived him of his right to present his entrapment defense to the jury.  We review a district court's non-constitutional evidentiary rulings for abuse of discretion and "reversal is appropriate only if the error more likely than not affected the verdict."  United States v. Ajoku, 718 F.3d 882, 890 (9th Cir. 2013) (internal quotation marks omitted), vacated, --- U.S. ----, 134 S. Ct. 1872, 188 L. Ed. 2d 905 (2014).  If the ruling precluded the presentation of a defense, our review of the ruling is de novo.  United States v. Lynch, 437 F.3d 902, 913 (9th Cir. 2006) (en banc).

We do not find the district court's rulings regarding pretrial discovery and access to the government informant to be erroneous.  Nor do we find that the district court abused its discretion in declining to give a missing witness instruction as to the informant, as Serrano did not demonstrate that the informant was "peculiarly within the power" of the government.  See United States v. Noah, 475 F.2d 688, 691-92 (9th Cir. 1973).

The exclusion of two witnesses' testimony, which Serrano argues would have corroborated his defense that he was coerced into committing the charged crimes, does not constitute reversible error.  The district court did not abuse its discretion in excluding Huerta's testimony.  Although evidence that the informant intimidated Huerta into participating in a narcotics offense may have been relevant, the district court made a determination under Federal Rule of Evidence 403 that

Huerta's testimony had limited probative value. Huerta's relationship to the informant was different from Serrano's and any probative value was outweighed by the risk of potential prejudice. Because defense counsel did not proffer what the substance of Dino's testimony would have been, we cannot say that the district court's exclusion of her testimony was reversible error. See United States v. Morlan, 756 F.2d 1442, 1447 (9th Cir. 1985) ("Rule 103 of the Federal Rules of Evidence prohibits this court from overturning the district court where the substance of the evidence was not made known to the court by offer or was not apparent from the context within which the questions were asked."), cert. denied, 474 U.S. 837 (1985).

We also reject Serrano's contention that the district court improperly limited defense counsel's examination of witnesses at trial. The district court's rulings regarding the examination of Agent Swisher and Cruz-Navarro were not erroneous. Even if the district court erred in sustaining some of the prosecutor's hearsay objections as to Serrano's testimony, Serrano was nevertheless able to testify as to the informant's alleged inducement and so was not deprived of the opportunity to present his defense to the jury. Nor do we find that the cumulative effect of the district court's rulings was to preclude Serrano from presenting his entrapment defense.

**II.**    Serrano challenges his conviction on the grounds that the evidence at trial

established entrapment as a matter of law. We will not disturb the jury's verdict unless Serrano can point to "undisputed evidence making it patently clear" that he was induced to commit the crimes with which he was charged. United States v. Hart, 963 F.2d 1278, 1283 (9th Cir. 1992). The government introduced evidence inconsistent with inducement, including Cruz-Navarro's testimony that Serrano was interested in finding other buyers, and that Serrano himself obtained the very large quantity of ecstasy. The government also introduced evidence from which the jury could conclude that Serrano's testimony as to inducement was not credible, including Cruz-Navarro's testimony, corroborated by government surveillance, that Serrano's version of the last, large transaction was not true, and Cruz-Navarro's testimony that Serrano did not speak to Cruz-Navarro about the informant's purported threats until they were in jail. The jury could have concluded that the claimed threats were merely part of a post arrest ploy to absolve himself of liability which included bribing Cruz-Navarro to take the blame for the drug transactions. Serrano has therefore not demonstrated that no reasonable jury could have found in favor of the government as to inducement. See United States v. Poehlman, 217 F.3d 692, 698 (9th Cir. 2000).

**III.** Serrano also appeals his 92-month sentence, arguing that the district court failed to consider his arguments for a reduction based on sentencing entrapment and that, as a result, his sentence is substantively unreasonable.

4

Serrano's contention is without merit. The record reflects that the district court in fact considered Serrano's arguments regarding sentencing entrapment and then imposed a sentence significantly below the applicable guideline range.

Further, we deny Serrano's request for judicial notice of the transcript of the informant's sentencing. The representations made by the informant's counsel at his sentencing are not facts to which this Court may appropriately take notice. See Harris v. Cnty. of Orange, 682 F.3d 1126, 1131-32 (9th Cir. 2012). To the extent that Serrano requests this Court to consider the transcript for facts to which judicial notice may properly be taken, Serrano has not demonstrated these facts to be relevant to the issues raised on appeal.

**AFFIRMED.**