*721 FRIEDLAND, Circuit Judge,
dissenting:
Multiple evidentiary errors and instances of prosecutorial misconduct marred Ru-bio’s trial. Because I believe that the cumulative effect of these mistakes rendered the verdicts entirely unreliable, I would reverse both convictions and remand for a new trial,[1]
First, in my view, there can be no question that the conspiracy the Government sought to prove at trial varied from that with which Rubio was charged. The Grand Jury in this case returned an indictment charging thirty co-defendants, including Rubio, with participating in a single, wide-ranging conspiracy run by the Sendis-Ramirez organization to traffic cocaine and other narcotics from Mexico into the United States spanning the period from May 2007 through November 2012, But because the district court failed to read or describe the indictment, and instead only informed the jury that Rubio was charged with conspiring to distribute cocaine, the jury was not “fairly apprised of the nature of [this] charge[ ].” Robles v. United States, 279 F.2d 401, 403-04 (9th Cir.1960). Likewise, in a departure from our model jury instruction, see Ninth Cir. Model Crim. Jury Instruction 9. 19 (2015), the district court’s instruction on the conspiracy charge did not state the timeframe of the alleged conspiracy but instead allowed the jury to convict Rubio if it found that he joined any agreement between two or more persons to distribute cocaine. Given that the argument and evidence at trial focused almost entirely on the single transaction in which Rubio was allegedly involved, it seems clear that the jury convicted Rubio of a much narrower conspiracy than that charged — one limited to an agreement among perhaps four people to distribute a single load of cocaine on a single occasion. See United States v. Wilbur, 674 F.3d 1160, 1178 (9th Cir.2012) (providing that a variance occurs when “the evidence offered at trial proves facts materially different from those alleged in the indictment” (quoting United States v. Hartz, 458 F.3d 1011, 1020 (9th Cir.2006))).
The majority finds that no prejudice attached to this variance. I disagree. The defense came to trial prepared to convince the jury that “the government never connected [Rubio] to the larger Sendis Ramirez organization.” This strategy was rendered irrelevant by the variance because it was not responsive to the theory that Rubio conspired to carry out the single transaction. Further, the confusion about the scope of the conspiracy at issue permitted evidence about the Sendis-Ra-mirez organization and drug deals in which Rubio had no alleged involvement to spill into his trial. Once admitted without even a limiting instruction, this largely irrelevant evidence created a danger that the jury would unfairly impute to Rubio guilt attributable to members of the Sendis-Ramirez organization.
As the majority concedes, this was not the only flaw in Rubio’s trial. There also was the admission of improper lay and putative expert testimony by the case agent without a dual-role instruction, which created the risk that the jury would give the officer’s lay opinions unmerited credibility. See United States v. Freeman, 498 F.3d 893, 903-04 (9th Cir.2007). And there was the undisputed prosecutorial misconduct during cross-examination of the sole defense witness — when the prose *722 cutor was permitted, over defense objections, to repeatedly invoke hearsay conversations with other prosecutors to impeach the witness’s résumé.
Even more problematically, there was the admission of false testimony by the Government’s “drug expert,” that drug trafficking organizations do not use unknowing couriers, or “blind mules,” despite this court’s repeated admonition against such testimony’s introduction. See United States v. Flores, 510 Fed.Appx. 594, 595 (9th Cir.2013) (unpublished); United States v. Venegas-Reynoso, 524 Fed.Appx. 373, 377 (9th Cir.2013) (unpublished). The use of knowingly false testimony to obtain a criminal conviction contravenes due process and can be cause for reversal. Napue v. Illinois, 360 U.S. 264, 269, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959); see United States v. Houston, 648 F.3d 806, 814 (9th Cir.2011).
The majority contends that the introduction of the blind mule testimony was not material to Rubio’s conviction because Ru-bio was not himself a drug courier. Respectfully, I believe the majority misapprehends the way the Government used the testimony at trial. The Government elicited the testimony to support the inference that drug trafficking organizations never employ unknowing participants in their transactions and thereby to undercut Ru-bio’s theory of defense that he was an unwitting participant in the drug deal at issue. Indeed, the prosecution explicitly asked the jury to draw this very inference during its closing remarks when it told them that Rubio’s defense was directly contradicted by the special agent’s expert testimony that drug trafficking organizations do not use individuals “who [do not] know that a drug deal is going on.” The Government’s evidence and argument that drug organizations do not use unwitting persons in their drug deals went directly to Rubio’s mental state and therefore to an essential element of the crimes charged. There can be little confidence in a verdict obtained in this manner. See Hayes v. Brown, 399 F.3d 972, 984 (9th Cir.2005) (en banc) (explaining that the materiality standard contemplates “not whether the defendant would more likely than not have received a different verdict ..., but whether ... he received a fair trial, understood as a trial resulting in a verdict worthy of confidence” (quoting Hall v. Dir. of Corr., 343 F.3d 976, 983-84 (9th Cir.2003) (per curiam))).[2]
Together these errors unfairly prejudiced Rubio by “render[ing][his] defense ‘far less persuasive than it might have been.’” Parle v. Runnels, 505 F.3d 922, 934 (9th Cir.2007) (quoting Chambers v. Mississippi, 410 U.S. 284, 294, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973)); see United States v. Wallace, 848 F.2d 1464, 1476 n. 21 (9th Cir.1988) (determining that error not objected to at trial may be aggregated together with preserved errors in cumulative error analysis). The deleterious effect of cumulative error is particularly severe here given the weakness of the Government’s case, which was built on Rubio’s participation in a single phone call in which no mention of drugs was made and the short period of time he spent in the pas *723 senger seat of the load ear. See United States v. Frederick, 78 F.3d 1370, 1381 (9th Cir.1996) (“[WJhere the government’s case is weak, a defendant- is more likely to be prejudiced by the effect of cumulative errors.”). Because I have no confidence in the process through which the jury reached its verdicts, I would reverse to permit Rubio to confront the Government’s case on a fair playing field.

. Although I believe the errors at trial should require us to reverse the convictions, I would hold that sufficient evidence was presented to permit a retrial. Cf. United States v. Bibbero, 749 F.2d 581, 586 (9th Cir.1984) (explaining that the Double Jeopardy Clause precludes retrial when a conviction is reversed for insufficient evidence).

. I also reject the Government's specious argument that the testimony was not actually false because the case agent premised the statements as being based on his personal experience. As the jury was repeatedly told, the case agent testified as an expert on drug trafficking, not based on his percipient observations. Further, the implication of the Government’s argument is that the prosecution could overcome Napue in almost every case by asking an expert to qualify false testimony as being based on his or her experience. I decline to endorse an outcome that would create such an end run around the Napue bar. Testimony that is "so misleading as to amount to falsity,” United States v. Vozzella, 124 F.3d 389, 390 (2d Cir.1997), deserves no place in a criminal trial.