NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 18 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| **UNITED STATES OF AMERICA,** | No. 16-50044 |
| Plaintiff-Appellee, | D.C. No. 2:15-cr-00095-DSF-1 |
| v. | |
| **RICHARD DOUGLAS LATKA,** | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Argued and Submitted August 7, 2017
Pasadena, California

Before: **REINHARDT**, **KOZINSKI** and **CHRISTEN**, Circuit Judges.

1.      Latka's indictment was sufficient because "it contain[ed] the elements of the charged crime in adequate detail to inform [him] of the charge, and . . . enable[d] him to plead double jeopardy." See United States v. Morlan, 756 F.2d 1442, 1444 (9th Cir. 1985) (citation omitted).

---

        *       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Further, the indictment wasn't "constructive[ly amended, which] occurs when the defendant is charged with one crime but, in effect, is tried for another crime." United States v. Mancuso, 718 F.3d 780, 792 (9th Cir. 2013) (citations omitted); see also Stirone v. United States, 361 U.S. 212, 214–15 (1960) (holding that an indictment for moving sand was impermissibly amended when the conviction was for moving steel); United States v. Choy, 309 F.3d 602, 607–08 (9th Cir. 2002) (holding that an indictment for bribing a public official was impermissibly amended when the conviction was for giving money to a private individual).

"The continuous nature of [Latka's offense] prevents the indictment from being duplicitous." Mancuso, 718 F.3d at 792 (citation omitted). The trial court's unanimity instruction also remedied any possible duplicity. See United States v. Ramirez-Martinez, 273 F.3d 903, 915 (9th Cir. 2001), overruled on other grounds by United States v. Lopez, 484 F.3d 1186 (9th Cir. 2007).

**2.** The district court didn't violate Latka's right to confront Ellsworth because the excluded evidence wasn't relevant and the jury had "sufficient information to assess [Ellsworth's] . . . credibility[.]" United States v. Cazares, 788 F.3d 956, 983–84 (9th Cir. 2015).

**3.** A district court may, for good cause, remove "any jurors who are unable to perform or who are disqualified from performing their duties." Fed. R. Crim. P. 24(c)(1); see Williams v. Cavazos, 646 F.3d 626, 652 (9th Cir. 2011), rev'd on other grounds sub nom. Johnson v. Williams, 568 U.S. 289 (2013). The district court didn't abuse its discretion because it had good cause to remove Juror 9.

**4.** There being no individual errors, Latka's cumulative error claim fails.

**AFFIRMED**